IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WANETTA J. HAMILTON,**

       **Plaintiff,**

  vs.                                       Civil Action 2:14-cv-2784
                                                            Judge Marbley
                                                             Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

**REPORT AND RECOMMENDATION**

**I.    Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income. This matter is before the Court for consideration of plaintiff's *Statement of Errors*, ECF 14, and the Commissioner's *Memorandum in Opposition*, ECF 17.

Plaintiff Wanetta J. Hamilton filed her applications for benefits on July 18, 2011, alleging that she has been disabled since July 12, 2011. *PAGEID* 62, 236-42. The claims were denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on August 13, 2013, at which plaintiff, represented by counsel, appeared and testified, as did Hermona C. Robinson, Ph.D., who testified as a vocational expert.

*PAGEID* 62, 78.  In a decision dated September 6, 2013, the administrative law judge concluded that plaintiff was not disabled from July 12, 2011, through the date of the administrative decision. *PAGEID* 62-72.  That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on October 31, 2014.  *PAGEID* 51-53.

Plaintiff was 52 years of age on the date of the administrative decision.  *See PAGEID* 72, 236.  She has a limited education, is able to communicate in English, and has no past relevant work.  *PAGEID* 70. Plaintiff is insured for disability insurance purposes through December 31, 2015.  *PAGEID* 64.  She has not engaged in substantial gainful activity since July 12, 2011, the alleged date of onset of disability.  *Id*.

## II. Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of cervical cancer, degenerative disc disease of the lumbar spine, vertigo, adjustment disorder with mixed anxiety and depression, and borderline intelligence.  *PAGEID* 65.  The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing and walking for six hours in an eight hour workday; sitting for six hours in an eight-hour workday; pushing and pulling is unlimited except as defined by ability to lift and carry; frequently kneeling, crouching

2

>and crawling; occasionally climbing ramps and stairs and stooping; and never climbing ladders, ropes or scaffolds. Mentally, the claimant is limited to simple, routine, repetitive tasks; with no strict time or production demands; and would need oral instructions and no precise reading acuity.

*PAGEID* 65-67.  The administrative law judge determined that plaintiff does not have any past relevant work.  *PAGEID* 70.  The administrative law judge also relied on the testimony of the vocational expert to find that, despite these impairments, plaintiff is nevertheless able to perform a significant number of jobs in the national economy, including such representative jobs as garment sorter, inspector, and laundry folder.  *PAGEID* 70-71.  Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act from July 12, 2011, through the date of the administrative decision.  *PAGEID* 71-72.

**III. Discussion**

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).  Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This

Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In her *Statement of Errors*, plaintiff argues that the administrative law judge "failed to properly explain the weight afforded to the medical opinion of examining physician" Daniel A. Winkle, M.D. *Statement of Errors*, p. 9. Plaintiff specifically argues that the "explanation of [the weight assigned to] Dr. Winkle's opinion is too vague and conclusory and prevents this Court from a meaningful judicial review." *Id*. at p. 10. According to plaintiff, the administrative law judge "failed to even mention or weigh Dr. Winkle's opinion that Plaintiff may have difficulty performing even light work during active episodes of vertigo" or consider that plaintiff "would sometimes need to take unscheduled work breaks or be off task." *Id*. Plaintiff also argues that the administrative law judge "failed to account for the reasonable symptoms associated with chronic vertigo" in his RFC determination. *Id*. at p. 7. Plaintiff

4

argues that the RFC determination "seem[s] to be at odds with a diagnosis of vertigo" because the administrative law judge "did not account for Plaintiff's need to take even very brief unscheduled works break [sic] due to vertigo, for the need to sit down during periods of vertigo, nor did he acknowledge that a vertigo spell would require Plaintiff to be off task to at [sic] some degree during the work day." *Id*. at p. 8.  Plaintiff further argues that these "common sense symptoms associated with vertigo" are supported by Dr. Winkle's opinion.  *Id*. at pp. 8-9.

The RFC determination is an administrative finding of fact reserved to the Commissioner.  20 C.F.R. §§ 404.1527(d)(2), (3); 416.927(d)(2), (3); *Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004).  It represents the most, not the least, that a claimant can do despite her impairments.  20 C.F.R. §§ 404.1545(a); 416.945(a); *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007).  In assessing a claimant's RFC, an administrative law judge must consider all relevant evidence, including medical source opinions, relating to the severity of a claimant's impairments.  *See* 20 C.F.R. §§ 404.1527(d), 404.1545(a); 416.927(d), 416.1545.(a).  Furthermore, courts have stressed the importance of medical opinions in determining a claimant's RFC, and have cautioned administrative law judges against relying on their own expertise in drawing conclusions from raw medical data.  *See Isaacs v. Astrue*, No. 1:08-CV-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009) (quoting *Deskin v. Comm'r Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008)).

Plaintiff was consultatively evaluated by Dr. Winkle on July 10, 2010. Plaintiff reported that she has diplopia followed by a sense of vertigo two to three times per week and that she has "a several year history of dizziness as well as vertigo." *PAGEID* 300. Plaintiff

> was able to get up and down from a chair and off the exam table without any assistance or difficulty. She was able to perform both static toe standing as well as heel standing without any difficulty. She was unable to walk like this due to subjective feeling of loss of balance. She did steady herself on the exam table while attempting both heel and toe walking. She had normal step through gait pattern without any deviations.

*PAGEID* 301. Dr. Winkle's impression was "[h]istory of what sounds like to be vertigo, possibly associated with TIA and possible cerebrovascular disease based on history," and sacral and coccyx pain. *Id*. Dr. Winkle offered the following "medical source statement:" "Based on my exam the claimant should be able to do light duty work. She would need rest breaks to achieve 6 hours of standing tolerance. It may be difficult for her to work if having an active episode of vertigo even in a light duty capacity." *PAGEID* 303.

Medical records from The Ohio State University in 2011 document that plaintiff has been diagnosed with vertigo of central origin, *PAGEID* 458, 557, and reported a dizzy spell on at least one occasion. *PAGEID* 584.

As a consultative examiner, Dr. Winkle is properly classified as a nontreating source. *See* 20 C.F.R. §§ 404.1502, 416.902 ("Nontreating source means a physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not

6

have, or did not have, an ongoing treatment relationship with [the claimant]."). With regard to nontreating sources, the agency will simply "give more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined" the claimant. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). In evaluating the opinion of a nontreating source, an administrative law judge should consider such factors as "the evidence that the physician offered in support of her opinion, how consistent the opinion is with the record as a whole, and whether the physician was practicing in her specialty." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir. 2010) (citing 20 C.F.R. § 404.1527(d)).

The administrative law judge noted plaintiff's testimony "that she has vertigo which causes dizziness, nausea, occasional vomiting, double vision and a loss of balance." PAGEID 68. The administrative law judge also noted plaintiff's testimony that she experiences vertigo "spells three to four days a week," she must lie down when she has a vertigo spell, and she "does not feel back to normal until about a day after they occur." *Id*. The administrative law judge cited evidence that plaintiff has been diagnosed with vertigo and presented to a doctor complaining of dizzy spells. PAGEID 69. The administrative law judge found, however, that "the claimant has received little to no treatment for this condition and has not consistently reported symptoms related to this condition." *Id*. The administrative law judge assigned "some weight" to Dr. Winkle's opinion, "as his indication that the claimant is capable of light work

7

is consistent with the medical evidence of record; however, he did not specify how long and how often the claimant would require rest breaks." *PAGEID* 67.  The administrative law judge also noted that plaintiff's vertigo "symptoms have been accounted for in the [RFC], specifically with respect to the claimant's postural and environmental limitations." *PAGEID* 69.

The administrative law judge accurately summarized Dr. Winkle's opinion and was sufficiently specific as to the reasons for assigning it "some weight."  The administrative law judge adopted Dr. Winkle's restriction to light work, but discounted the remainder of Dr. Winkle's opinion because Dr. Winkle did not specify the duration or frequency with which plaintiff would need to take breaks.  *PAGEID* 67. Plaintiff argues that the administrative law judge "failed to account for the reasonable symptoms associated with chronic vertigo." *Statement of Errors*, p. 7.  However, the administrative law judge expressly stated that the RFC accounts for plaintiff's vertigo symptoms, particularly "with respect to [her] postural and environmental limitations." *PAGEID* 69.  The administrative law judge discounted the remainder of plaintiff's reported symptoms from vertigo because she "has received little to no treatment for this condition," "has not taken any prescribed medications for [this condition]," and "has not consistently reported symptoms related to this condition." *PAGEID* 69-70.  These conclusions are supported by substantial evidence.  *See PAGEID* 303, 458, 557, 584.

8

Plaintiff argues that the administrative law judge should have adopted limitations that plaintiff be permitted to sit down for 15 minutes at a time at will during the workday, take unscheduled work breaks, and be off task 20 percent of the workday.  *See Statement of Errors*, p. 8; *PAGEID* 103.  These proposed limitations are not, however, supported by the evidence.  The administrative law judge evaluated Dr. Winkle's opinion, plaintiff's testimony regarding her vertigo, and the medical evidence, and he included postural and environmental limitations in the RFC to account for plaintiff's vertigo.  *See PAGEID* 67-70.  The administrative law judge's evaluation in this regard is supported by substantial evidence.  Plaintiff disagrees with the administrative law judge's evaluation of the evidence, but this Court is not permitted to reweigh that evidence where, as here, the administrative law judge followed the proper procedures and his analysis is supported by substantial evidence.

Having carefully considered the entire record in this action, the Court concludes that the decision of the Commissioner is supported by substantial evidence.  It is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


September 1, 2015                         *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge

10