IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WANETTA J. HAMILTON, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:14-cv-2784 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | Magistrate Judge King |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the court on Plaintiff's Objection (Doc. 21) to the Magistrate Judge's September 1, 2015 **Report and Recommendation** (Doc. 18), recommending that the Court overrule the Plaintiff's Statement of Errors (Doc. 14). Upon independent review by the Court, and for the reasons set forth below, Plaintiff's Objections are hereby **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**. Accordingly, the Plaintiff's case is **DISMISSED**.

**I.     BACKGROUND**

Plaintiff Wanetta J. Hamilton filed her application for disability insurance benefits and supplemental security income on July 18, 2011. (R. at 12). The claims were denied initially and upon reconsideration, and plaintiff requested a de novo hearing before an Administrative Law Judge ("ALJ"). (R. at 8). An administrative hearing was held on August 13, 2013, at which Plaintiff, represented by counsel, appeared and testified, as did vocational expert Hermona C. Robinson. (R. at 12). The ALJ recognized that Plaintiff had several severe impairments, including cervical cancer; degenerative disc disease of the lumbar spine; vertigo; adjustment disorder with mixed anxiety and depression; and borderline intelligence. (R. at 15).  He

1

determined, however, that Plaintiff had a residual functional capacity to perform light work (R. at 17), and that considering her age, education, work experience, and residual functional capacity, there were jobs in the national economy that she could perform. (R. at 20).

In a decision dated September 6, 2013, the ALJ concluded that Plaintiff was not disabled from July 12, 2011, through the date of the administrative decision. (R. at 12-22). That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on October 31, 2014. (R. at 1-6). Plaintiff filed an action in this Court, alleging in her Statement of Errors that the ALJ erred by: (1) failing to account for all of the limitations resulting from Plaintiff's severe impairment of vertigo when calculating Plaintiff's residual functional capacity; and (2) failing to explain his decision to give only some weight to the medical opinion of examining physician Dr. Daniel Winkle. (Doc. 14 at 1).

On September 1, 2015, the Magistrate Judge issued a Report and Recommendation, recommending that this Court overrule Plaintiff's Statement of Errors. (Doc. 18).  Plaintiff objected to the Magistrate Judge's Report and Recommendation, contending that the Magistrate Judge failed to account for all of the limitations resulting from the Plaintiff's diagnosed impairment of "vertigo of central origin" and "spinocerebellar ataxia type 6." (Doc. 21 at 1). The Plaintiff further argued that the Magistrate Judge incorrectly concluded that the ALJ's determination to afford only some weight to Dr. Winkle's medical opinion complied with the Social Security Administration's procedural requirements.

The facts are adequately set forth in the Magistrate Judge's Report and Recommendation. The Court will refer to the relevant facts in its analysis below.

## II.     STANDARD OF REVIEW

This Court, upon objection, is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Garner v. Heckler*, 745 F.2d 683, 388 (6th Cir. 1984). The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter, Comm'r of Soc.Sec.*, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court would have arrived at a different conclusion. *Elkins v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

Additionally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*. 478 F.3d 742, 746 (6th Cir. 2007)). "An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of

3

the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

## III. ANALYSIS

To be eligible for disability benefits, a claimant must be "disabled" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Under the statute, an individual is disabled "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." *Id.* Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). The five sequential steps are as follows:

> (1) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
> (2) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
> (3) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
> (4) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
> (5) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

*Id.*; *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that she is "disabled" under the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

At step one of the Plaintiff's disability evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. at 14). At step two, he

4

found that Plaintiff had the following severe impairments: cervical cancer; degenerative disc disease of the lumbar spine; vertigo; adjustment disorder with mixed anxiety and depression; and borderline intelligence. (R. at 15). Next, the ALJ determined that the Plaintiff was not disabled under step three because she did not have "an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairments in 20 CFR Part 404[.]" (*Id.*)

Before moving on to step four of the sequential evaluation process, the ALJ first determined the Plaintiff's residual functional capacity ("RFC"), or her "ability to do physical and mental work activities on a sustained basis despite limitations from her impairments." (R. at 14). Here, the ALJ held that the Plaintiff had the residual functional capacity to:

> perform light work as defined by 20 CFR 404.1567(b) and 416.967(b) except the claimant is capable of lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing and walking for six hours in an eight hour workday; sitting for six hours in an eight-hour workday; pushing and pulling is unlimited except as defined by ability to lift and carry; frequently kneeling, crouching and crawling; occasionally climbing ramps and stairs and stooping; and never climbing ladders, ropes or scaffolds. Mentally, the claimant is limited to simple, routine, repetitive tasks; with no strict time or production demands; and would need oral instructions and no precise reading acuity.

(R. at 17).

Due to the Plaintiff's lack of past relevant work at step four, the ALJ proceeded to step five of the sequential evaluation process. (R. at 20). At step five, the ALJ determined based on "the [Plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform[.]" (*Id.*) Therefore, the ALJ found that the Plaintiff was not disabled. (R. at 21).

Plaintiff contends that the Magistrate Judge erred in determining that the ALJ's determination of her residual functional capacity did not account for all of the limitations resulting from the Plaintiff's diagnosed severe impairment of vertigo. Additionally, Plaintiff

5

argues that the Magistrate Judge erred by not explaining sufficiently its decision to give only some weight to the medical opinion of Dr. Winkle.

As to Plaintiff's first argument, it is true that "[o]nce one severe impairment is found, the combined effect of all impairments must be considered." *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009). Here, the ALJ did so.  First, after finding Plaintiff's vertigo to be a severe impairment, the ALJ specifically accounted for Plaintiff's vertigo-related symptoms in his determination of her RFC, "specifically with respect to the claimant's postural and environmental limitations." (R. at 19). Further, the ALJ concluded that the Plaintiff's subjective complaints were not "fully persuasive" because they were not supported by objective medical evidence. (R. at 19-20).

Subjective complaints can support a claim for disability, as long as there is also objective medical evidence of the underlying medical condition in the record. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). However, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Id*. at 476. An ALJ may discount the claimant's testimony to a certain degree where there are contradictions among the medical records, the claimant's testimony, and other evidence. *Warner v. Comm'r of Soc. Sec*., 375 F.3d 387, 392 (6th Cir. 2004). Though an ALJ's credibility assessment must be supported by substantial evidence, "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  Further, a credibility determination cannot be disturbed "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

It is undisputed that the available medical evidence in this case demonstrates that the plaintiff suffers from vertigo. (R. at 23). Unavailable, however, as the ALJ and Magistrate Judge point out, is any objective evidence to verify the severity of the subjective complaints related to the Plaintiff's condition. Specifically, the ALJ noted that Plaintiff had received little treatment and took no medication for vertigo.  (R. at 19).  Moreover, no medical opinion, including Dr. Winkle's, specified for how long and how often Plaintiff's vertigo symptoms would require her to take rest breaks.  Therefore, the Court finds that the ALJ's analysis was based on evidence in the record, not "solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, at \*4 (July 2, 1996)). Thus, the ALJ's consideration of the effect of vertigo on Plaintiff's RFC, based on objective medical evidence in the record, does not constitute an error.

Nor is the Court persuaded by Plaintiff's second argument, that the Magistrate Judge erred in determining that the ALJ did not commit a procedural error in his explanation of the weight afforded to Dr. Winkle's opinion. An ALJ is required to "give good reasons in [its] notice of determination or decision for the weight [it gives the claimant's] treating source's opinion[,]" but this requirement applies only to treating sources. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875, 876 (6th Cir. 2007). When evaluating a non-treating, but examining, source, the agency will "'generally give more weight to the opinion of a source who has examined the claimant than to the opinion of a source who has not examined' him." *Ealy*, 594 F.3d at 514 (quoting 20 C.F.R. 404.1527(d)(1)) (brackets omitted). The ALJ should consider such factors as "the length and nature of the treatment relationship, the evidence that the physician offered in support of her opinion, how consistent the opinion is with the record as a whole, and whether the physician was practicing in her specialty." *Id.* (citing 20 C.F.R. § 404.1527(d)).

In *Ealy*, the plaintiff argued that the Commissioner erred in affording more weight to the opinion of a non-examining source, over that of a non-treating, but examining, source when determining functional capacity. *Id.* The court held that the ALJ did not err in assigning more weight to the non-examining source's report because the report was supported by substantial evidence in the record, and the record itself was devoid of information to support the claims of the examining source's report. Here, the ALJ gave "some weight" to the opinion of non-treating, examining physician Dr. Winkle, explaining that "[Dr. Winkle's] indication that [Plaintiff] is capable of light work is consistent with the medical evidence of record; however, he did not specify how long and how often [she] would require rest breaks." (R. at 17).

The ALJ in this case, as in *Ealy*, did not err in assigning only "some weight" to Dr. Winkle's report because Dr. Winkle's report was not fully supported by the record. The only part of the report which the ALJ did not credit was related to the effect of vertigo on Plaintiff's ability to work. (R. at 17). As stated above, Dr. Winkle's report did not specify how often and for what periods of time the plaintiff may be affected by her vertigo, or how often she would need rest breaks in order to work. (R. at 250-253). In fact, as noted above, there is no objective evidence in the record which speaks to the *specific* effect of vertigo on the Plaintiff's ability to work. Lacking this information, the ALJ still accounted for the symptoms related to Plaintiff's vertigo, "specifically with regard to the claimant's postural and environmental limitations." (R. at 19). Therefore, the ALJ properly considered the relevant factors laid out in *Ealy*, in particular the evidence that Dr. Winkle offered in support of his opinion and the consistency of his opinion with the record as a whole. 594 F.3d at 514.

## IV. CONCLUSION

Based on the foregoing, this Court **OVERRULES** Plaintiff's Objections (Doc. 21) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 18). This case is **DISMISSED**. The clerk is directed to enter Judgment for Defendant.

**IT IS SO ORDERED**.

      **/s/ Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 8, 2016**